IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BILLIE JOYCE REED                                                    PLAINTIFF

V.                                    NO. 13-5190

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Billie Joyce Reed, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability, and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff filed her application for DIB on October 20, 2010, alleging disability since November 10, 2009, due to sacrillitis - back pain; seizures; breast cancer; and depression. (Tr. 103-104, 119, 122). An administrative hearing was held on April 17, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 21-53).

By written decision dated June 25, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - back disorder and seizure disorder. (Tr. 11). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any

-1-

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No.

4. (Tr. 12). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> maintain employment at the level of lifting and carrying a maximum of
> 10 pounds; standing and walking 2 hours in an 8-hour workday; and
> sitting 6 hours in an 8-hour workday defined in 20 CFR 404.1567(a)
> except occasional climbing, balancing, stooping, keeling, [sic] crouching,
> and crawling; occasional work overhead; and avoid hazards, unprotected
> heights, and heavy machinery.

(Tr. 13). With the help of a vocational expert (VE), the ALJ determined Plaintiff was capable

of performing her past relevant work as a public relations representative. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied the request on July 31, 2013. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1).

This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties

have filed appeal briefs, and the case is now ready for decision. (Docs. 17, 19).

The Court has reviewed the entire transcript. The complete set of facts and arguments are

presented in the parties' briefs, and are repeated her only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F.

3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports

the Commissioner's decision, the Court may not reverse it simply because substantial evidence

AO72A
(Rev. 8/82)

exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

-3-

in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following issues in this matter: 1) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his analysis and credibility findings; 3) The ALJ erred in finding Plaintiff was capable of performing her past relevant work; and 4) The ALJ erred in finding Plaintiff retained the RFC to perform a limited range of sedentary work. (Doc. 17).

**A.    Consideration of Impairments in Combination:**

Plaintiff argues that the ALJ disregarded her allegations of chronic pain and failed to consider her diagnosed chronic pain syndrome, Piriformis Syndrome, pelvic and abdominal pain, left hip pain, left buttock pain, left groin pain, trochanter bursitis, hypokalemia, fatigue, major depressive disorder or generalized anxiety disorder.

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 10).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr. 10).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings.  (Tr. 10).  The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met

-4-

or medically equaled the severity of one of the listed impairments. (Tr. 12). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Based upon the foregoing, the Court finds there is substantial evidence to support the fact that the ALJ considered all of Plaintiff's impairments individually, and in combination.

**B.     Credibility Analysis:**

Plaintiff argues that the ALJ offered no explanation for why he found her testimony not to be credible, and neglected to properly consider the level of pain associated with her debilitating condition, including chronic low back pain.

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements

concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 14). The ALJ then pointed out some of the inconsistencies, such as the fact that: Plaintiff has undergone conservative treatment and has never undergone back surgery; Plaintiff has been found to have a normal gait and station; and an examination of the lumbar spine showed no evidence of curvature, no overlying skin abnormalities, no tenderness, and no evidence of muscle spasm. (Tr. 14). He also noted that there was no evidence indicating Plaintiff had to use an assistive device to help with ambulation. (Tr 15). The ALJ also noted that diagnostic studies of the lumbar spine performed on August 10, 2010, was negative for disc protrusion or canal stenosis, and that a MRI of the lumbar spine performed on August 17, 2011, revealed small broad-based midline disc bulge at L1-2 that does not compromise neural structures; minimal midline disc bulge without neural element compromise at L2-3; midline and right-sided broad-based disc bulge at L3-4, and degenerative disc disease at L4-5, and the L5-S1 level was normal. (Tr. 15, 262, 446). The ALJ also addressed Plaintiff's seizures, which, according to the medical records, were controlled with medication. (Tr. 15, 33, 316, 341, 453).

The Court notes that with respect to daily activities, Plaintiff spends time on the computer, communicates with her friends, attends her grandchildren's sporting events, shops for groceries at stores, performs light housework, takes care of the household pet, prepares light meals, does laundry, goes outside once or twice per day, and goes to church on a regular basis. (Tr. 152-156). In addition, in a November 10, 2010 medical record, Plaintiff indicated that she had undergone physical therapy without much benefit, but was still doing Pilates. (Tr. 373).

The ALJ concluded that Plaintiff's subjective allegations regarding her impairment-

-6-

related symptoms and limitations were at least somewhat exaggerated as they were not wholly

consistent with the clinical findings on examination. The Court finds, based upon the foregoing,

as well as a review of the entire record, that there is substantial evidence to support the ALJ's

credibility analysis.

    **C.**    **Whether Plaintiff was Capable of Performing Past Relevant Work:**

Plaintiff argues that the ALJ neglected to properly consider the arduous nature of her

work as a public relations representative in light of her advancing age. At the hearing, the VE

testified as follows:

> A:    ... Your honor, the claimant indicates she's performed the job duties of a public relations representative. That would be DOT code 165.167-014. It is listed at the sedentary exertional level, with a skill level of an SVP of 7, your honor. However, the claimant's indicated that she performed the job duties at the light to medium exertional level approximately 2/3 of the time, especially when traveling, due to company's other locations. It is listed as sedentary. However, due to these essential job duties of lifting and carrying the 25 and 30 to 50 pounds occasionally would put it in the light to medium range of exertion level, your honor. As performed.

> Q:    As performed.

> A:    Correct, your honor

> Q:    But probably performed at sedentary –

> A:    Yes, your honor.

> Q:    All right. Okay. I'd like you to assume a hypothetical person at the alleged onset date was of advanced age, with a high school education by way of a GED. The work history just told me about. In the first hypothetical, the person can occasionally lift and carry 10 pounds; frequently less; sit for six hours in a day; stand/walk for two; occasionally climb, balance, crawl, kneel, stoop, crouch; occasionally work overhead; and must avoid hazards, including

> such things as unprotected heights, heavy moving machinery. Got all those?
>
> A:     Yes, your honor.
>
> Q:     Could that person return to the work as commonly performed that you told me about?
>
> A:     Yes, your honor.

(Tr. 50-51).

The VE "can consider the demands of the claimant's past relevant work either as the claimant actually performed it, or as here, as performed in the national economy." Wright v. Astrue, 489 Fed. Appx. 147, 149 (8th Cir. 2012).  Accordingly, the ALJ did not err in relying on the VE's testimony as to Plaintiff's ability to work as a public relations manager as that job is performed in the national economy.

### D.     RFC Determination:

Plaintiff argues that the medical records clearly illustrate that she is unable to perform even a limited range of sedentary work.   RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical

AO72A
(Rev. 8/82)

evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In his decision, the ALJ discussed Plaintiff's seizure disorder, noting that her medication helped control the seizures. (Tr. 13). He also discussed Plaintiff's back pain, her daily activities, the medical records relating to her back pain, Dr. Steven Moon's records, Dr. Jason Holt's records, and Dr. D. Luke Knox's records. (Tr. 13-16). The ALJ also discussed Dr. Efird's opinion and the GAF score he assigned, noting that Plaintiff was found to have the ability to shop independently, handle personal finances adequately, perform basic cognitive tasks required for basic work like activities, track and respond adequately for the purposes of the evaluation, had the mental capacity to persist with tasks, if desired, and that she had no remarkable problems with attention/concentration, or mental pace of performance. (Tr. 15-16). The ALJ discussed the fact that the State agency medical consultants determined in March of 2011 that Plaintiff was capable of performing a full range of medium exertion, and gave the opinion "some weight," as it was not specifically contradicted by any other medical source, treating or otherwise. (Tr. 16).

The Court finds that the ALJ considered the medical records, observations of treating physicians and others, as well as Plaintiff's descriptions of her limitations, and that there is substantial evidence to support his RFC determination as to Plaintiff's ability to function in the workplace.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supports the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby

-9-

AO72A
(Rev. 8/82)

affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 19th day of March, 2015.


/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)